FILED

MAY 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNG ILL KIM; JUNG SUK KIM; YOUNG WOO KIM, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-70349 <br><br> Agency Nos. A075-624-413 <br> A075-624-414 <br> A075-624-415 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Resubmitted May 24, 2010 [**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Sung Ill Kim, Jung Suk Kim and Young Woo Kim (collectively "Kim")

petition from the Board of Immigration Appeals' ("BIA") final order of removal.

The immigration judge ("IJ") denied Kim's request for a continuance of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal proceedings pending the appeal of the revocation of his I-140 work visa with the Administrative Appeals Unit. The BIA affirmed, without opinion, the IJ's decision. When the BIA summarily affirms the IJ's decision, we review the IJ's decision as that of the agency. Ahmed v. Holder, 569 F.3d 1009, 1012 (9th Cir. 2009). We review the denial of a continuance for abuse of discretion. Id.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny Kim's petition for review.

The facts of this case are known to the parties. We do not repeat them.

The BIA properly denied Kim's request for a continuance. A continuance may be granted "for good cause shown." 8 C.F.R. § 1003.29. "Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing." Biwot v. Gonzales, 403 F.3d 1094, 1099 (9th Cir. 2005). Still, the BIA "abuses its discretion when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief" or when it fails to consider "the facts and circumstances of [the] case that were relevant to the grant or denial of a continuance." Ahmed, 569 F.3d at 1014 (quoting Arrozal v. INS, 159 F.3d 429, 432 (9th Cir. 1998)) (internal quotation marks omitted).

Here, Kim claims to have filed an appeal of the revocation of his I-140 work visa with the Administrative Appeals Unit, but the record indicates only a letter from his attorney that does not comply with the agency's appeal process. Moreover, nothing in the record contradicts the sworn statement of an Administrative Appeals Unit officer that Kim never properly appealed the revocation of his I-140.

Kim's remaining claim that the discretionary denial of a continuance violated his due process rights fails. See Munoz v. Ashcroft, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege . . . , denial of such relief cannot violate a substantive interest protected by the Due Process clause.").

**DENIED.**