BEA, Circuit Judge,
dissenting:
I disagree with the majority that the Immigration Judge (“IJ”) abused his discretion when he denied Ramales De Rueda’s (“Rueda”) motion for a continuance. “The decision to grant or deny the continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse.” Ahmed v. Holder, 569 F.3d 1009, 1012 (9th Cir.2009). I would hold the IJ did not clearly abuse his discretion in this case.
*705 In reaching the conclusion that the IJ abused his discretion in denying Rueda’s motion for a continuance, the majority misconstrues the record. The majority contends Rueda sought the continuance to develop the evidence to show that Rueda was not removable under the alien smuggling statute, 8 U.S.C. § 1182(a)(6)(E)(i). However, Rueda’s counsel requested a continuance for the sole purpose of giving Rueda another chance to ask the Department of Homeland Security (“DHS”) to exercise its unlimited discretion not to prosecute.[1] In fact, when she made this request, Rueda had already twice conceded her removability as an alien smuggler and her ineligibility for cancellation of removal relief.
After these concessions, the IJ asked Rueda’s attorney if he had any suggestions for the IJ. Counsel replied that he needed a short continuance to ask the DHS to reconsider its previous denial for prosecutorial discretion. At the close of the hearing, Rueda’s counsel once again stated that he is requesting a continuance to “revive the argument before the Service.” At no point did counsel assert, as the majority concludes, that he needed more time to develop the evidence relating to Rueda’s nominal role in the alleged smuggling scheme.[2]
Furthermore, the DHS had already denied Rueda’s earlier request for prosecutorial discretion. In light of these facts, I would hold the IJ did not abuse his discretion in denying a continuance because Rueda did not demonstrate good cause. See 8 C.F.R. § 1003.29 (an IJ may grant a motion for continuance for good cause shown). Rueda failed to establish good cause for her continuance request because a continuance was not required to accomplish her objective. She could continue to seek DHS’s exercise of prosecutorial discretion while her appeal before the BIA was pending.
Because I would conclude the IJ did not abuse his discretion when he denied Rueda’s motion for a continuance, I would deny the petition for review. I therefore respectfully dissent.

. Rueda had made a previous request that the DHS exercise its prosecutorial discretion in her case and not prosecute Reuda, which the DHS declined.

. Although Rueda’s counsel did state Rueda's role in the smuggling incident was "pretty nominal” when he asked for a continuance, he never contended that Rueda was not ramovable as an alien smuggler and, in fact, made this statement after already conceding Rueda’s removability.