**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SARGIS HARUTYUNYAN and MARINE HOVHANNISYAN, | No. 09-70561 |
| Petitioners, | Agency Nos.     A075-741-145<br>                A075-741-146 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Sargis Harutyunyan, a native and citizen of Armenia, petitions for review of an

order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's

decision denying his applications for asylum, withholding of removal, and protection

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252.

Because Harutyunyan submitted his applications for relief before May 11, 2005, the pre-REAL ID Act standards govern this case.  *See Zamanov v. Holder*, 649 F.3d 969, 973 n.2 (9th Cir. 2011).  Under the pre-REAL ID Act standards, we are bound to accept an adverse credibility finding "[a]s long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution." *Khadka v. Holder*, 618 F.3d 996, 1000 (9th Cir. 2010).

Substantial evidence supports the Board's adverse credibility determination based on: (1) the inconsistencies between Harutyunyan's first and second asylum applications; (2) inconsistencies between his documentary evidence and his written statements; (3) the several implausibilities included in his claim; and (4) the conflicts between his testimony and his written statements regarding the circumstances of his persecution and his basis for leaving Armenia.  *See Zamanov*, 649 F.3d at 973 ("[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination. . . .") (citation and footnote

_____

[1] Harutyunyan included his wife in the application as a derivative beneficiary.

reference omitted). Harutyuyan failed to offer plausible explanations for these inconsistencies, thereby lending substantial evidence to the Board's adverse credibility determination. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). ("[I]f [an] alien fails to provide a plausible explanation [for contradictory evidence], the IJ may properly rely on the inconsistency as support for an adverse credibility determination. . . .")(citations omitted); *see also Jibril v. Gonzales,* 423 F.3d 1129, 1135 (9th Cir. 2005) (explaining that testimony which "is implausible in light of the background evidence can support an adverse credibility finding") (citations and internal quotation marks omitted); *Don v. Gonzales,* 476 F.3d 738, 743 (9th Cir. 2007) (same).

We must accept the BIA's adverse credibility determination "[a]s long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims." *Khadka,* 618 F.3d at 1000 (citations omitted). Moreover, because Harutyunyan's testimony lacked credibility, his failure to present corroborating evidence was fatal to his application for asylum. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000), *as amended* ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application. . . ."). "[W]here, as here, the claim for withholding is based on the same facts as the claim for asylum, the failure to establish eligibility for asylum results in the failure to

demonstrate eligibility for withholding. . . ." *Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013) (citation omitted). Accordingly, we deny the petition for review with respect to the asylum and withholding of removal claims.

As the government conceded, the CAT claim was exhausted because it was addressed by the BIA. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). However, denial of the CAT claim cannot rest solely on the adverse credibility determination. *See Cui*, 712 F.3d at 133 n.3. Rather, the CAT claim must be considered separately and under a different legal standard. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003). Because the BIA failed to separately consider the CAT claim as required, we remand the CAT claim for consideration in accordance with our precedent.

**PETITION DENIED IN PART, REMANDED IN PART.**

Each party shall bear its costs on appeal.