**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARITZA IVONNE AVELAR, AKA Maritza Cruz,<br><br>　　　　　Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　Respondent. | No. 14-72448<br><br>Agency No. A088-968-014<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:　　GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

　　Maritza Ivonne Avelar, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") removal order denying her request for a

continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion for a continuance, and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Avelar's request for a further continuance where she did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (factors considered in determining whether the denial of a continuance constitutes an abuse of discretion include the nature of the evidence excluded as a result of the denial).

We reject Avelar's contentions that the BIA ignored her arguments, failed to provide a reasoned explanation for its actions, or applied an incorrect legal standard, where the agency invoked the applicable "good cause" legal standard and cited pertinent legal authorities in analyzing her claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention" (internal citation omitted)). Moreover, Avelar's contentions that the IJ had granted no prior continuances, and that the IJ's denial of a continuance violated her statutory right to counsel lack merit, where the record reflects that the IJ gave Avelar two opportunities to gather information and file any applications for relief, and where Avelar was represented by her attorney of choice throughout proceedings. Accordingly, Avelar's due process claims must fail. *See Lata v. INS*,

204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**