Michael Bruce Anderson, Attorney, Michael Anderson, Mendocino, CA, for Petitioner.

Mona Maria Yousif, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Jose Abel Gamez–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Gamez–Perez's unexhausted contentions that the IJ erred and violated due process by relying on his criminal history in the hardship analysis. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (we lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA).

Accordingly, Gamez–Perez's contention that the BIA erred in failing to address these claims is without merit, where he failed to raise them to the BIA.

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**Venancio CORTEZ, aka Venancio Cortes–Cortes, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15–71042**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Christopher John Stender, Esquire, Attorney, Federal Immigration Counselors, AZ, PC, Phoenix, AZ, for Petitioner.

OIL, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Alexander Jacob Lutz, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Venancio Cortez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order denying his request for a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate Cortez's due process right to counsel in denying Cortez's request for a second continuance for failure to show good cause, or in granting the motion to withdraw, where he had more than a year to find representation after his prior counsel withdrew. *See Ahmed*, 569 F.3d at 1012; *Biwot v. Gonzales*, 403 F.3d 1094, 1099–1100 (9th Cir. 2005) (listing factors to be considered when deciding what constitutes a reasonable time to obtain counsel); *see also Vides–Vides v. INS*, 783 F.2d 1463, 1470 (9th Cir. 1986) (failure to obtain counsel after two continuances over four months simply meant alien was "unable to secure counsel at his own expense").

Cortez's contention that the IJ did not properly question him about a possible asylum claim is unavailing, where he never expressed a fear of persecution to the IJ. *See* 8 C.F.R. § 1240.11(c)(1) (requiring an IJ to provide information about applying for asylum if an alien expresses a fear of persecution or harm upon being removed).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to consider Cortez's unexhausted contention that he was never advised of the requirements for voluntary departure.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**