**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO JOSUE PRADO-ACOSTA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos. 15-72364 <br>     16-70145 <br><br> Agency No. A200-822-834 <br><br> MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

In these consolidated petitions for review, Marco Josue Prado-Acosta, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's ("IJ")

denial of a continuance, and denying his motion to reopen. We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

The agency did not abuse its discretion in denying Prado-Acosta's request for an additional continuance for lack of good cause, where he did not file an asylum application prior to the IJ's deadline and therefore waived his opportunity to do so. *See* 8 C.F.R. §§ 1003.29, 1003.31(c); *Ahmed*, 569 F.3d at 1012 (listing factors to consider). It follows that Prado-Acosta's related due process claim fails for lack of error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

The BIA did not abuse its discretion or violate due process in denying Prado-Acosta's motion to reopen, where he failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and any alleged ineffective assistance is not plain on the face of the record. *See Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (failure to satisfy *Matter of Lozada* requirements was fatal to ineffective assistance of counsel claim where ineffectiveness was not plain on the face of the record).

**PETITIONS FOR REVIEW DENIED**.

15-72364