NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MORES JAVIER ROJAS-CRUZ, | No.   16-71056 |
| Petitioner, | Agency No. A205-310-874 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Mores Javier Rojas-Cruz, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying a motion to continue and ordering

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the agency's denial of a motion to continue, and review de novo

constitutional claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.

2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Rojas-Cruz's motion for a

fourth continuance for failure to show good cause, where the IJ repeatedly warned

him that no further continuances would be granted, and where he had over 21

months to complete his applications for relief but did not submit them by the

deadline set by the IJ. *See* 8 C.F.R. §§ 1003.29 (an IJ "may grant a motion for

continuance for good cause shown"); 1003.31(c) (applications not filed by deadline

set by IJ are deemed waived); *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir.

2009).

The record does not support Rojas-Cruz's contention that his waiver of his

statutory right to counsel was not intelligent and voluntary. *See Tawadrus v.*

*Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) ("In order for a waiver [of the right

to counsel] to be valid, an IJ must generally: (1) inquire specifically as to whether

petitioner wishes to continue without a lawyer; and (2) receive a knowing and

voluntary affirmative response."(internal citations omitted)).

We lack jurisdiction to consider Rojas-Cruz's unexhausted contention

regarding the rescheduling of his October 2013 hearing. *See Tijani v. Holder*, 628

F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**