**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS ALFREDO RIVERA CERON, | No.   17-72834 |
| Petitioner, | Agency No. A200-552-996 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Jesus Alfredo Rivera Ceron, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying withholding of removal and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination and review for substantial evidence the denial of CAT relief. *Konou v. Holder*, 750 F.3d 1120, 1127, 1124 (9th Cir. 2014). We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not err or abuse its discretion in determining Rivera Ceron's conviction is a particularly serious crime that renders him ineligible for withholding of removal, where the agency relied on the appropriate factors and proper evidence in reaching its conclusion. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (court's review of the agency's discretionary particularly serious crime determination is limited to ensuring the agency relied on the appropriate factors and proper evidence; the court may not reweigh the evidence). Rivera Ceron's contention that his conviction is not a per se particularly serious crime under 8 U.S.C. § 1231(b)(3)(B) is misplaced because the agency conducted a case-specific, not per se, analysis. *See* 8 U.S.C. § 1231(b)(3)(B).

Because the particularly serious crime determination is dispositive, we do not, and the BIA was not required to, address Rivera Ceron's contentions that he otherwise established eligibility for withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

17-72834

Substantial evidence supports the agency's denial of CAT protection, where Rivera Ceron did not establish he would be tortured by or with the acquiescence of the Guatemalan government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

17-72834