NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE VILLALPANDO-LUNA,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No. 17-71214

Agency No. A200-246-954

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018[**]

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Jorge Villalpando-Luna, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion for a continuance. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a continuance, and we review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Villalpando-Luna's request for a continuance for lack of good cause, where his case had been pending for two years and ten months, he failed to meet the filing deadline set by the IJ and thus waived his opportunity to apply for additional forms of relief, and he has yet to present evidence that he has a viable claim for asylum-related relief. *See* 8 C.F.R. §§ 1003.29 (an IJ "may grant a motion for continuance for good cause shown"); 1003.31(c) (applications not filed by deadline set by IJ are deemed waived); *Ahmed,* 569 F.3d at 1012 (listing factors to consider).

We reject Villalpando-Luna's contention that the agency failed to consider relevant factors in his case or insufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2009) (BIA is only required to "announce its decision in terms sufficient to enable" review).

**PETITION FOR REVIEW DENIED.**