NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN ADRIAN RAYA-MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   16-72748<br><br>Agency No. A200-195-262<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jonathan Adrian Raya-Mendoza, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination and review for substantial evidence the denial of CAT relief. *Konou v. Holder*, 750 F.3d 1120, 1127, 1124 (9th Cir. 2014). We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not err or abuse its discretion in determining Raya-Mendoza's conviction is a particularly serious crime that renders him ineligible for withholding of removal, where the agency relied on the appropriate factors and proper evidence in reaching its conclusion. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2); *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (court's review of the agency's discretionary particularly serious crime determination is limited to ensuring the agency relied on the appropriate factors and proper evidence; the court may not reweigh the evidence).

Because the particularly serious crime determination is dispositive, we do not, and the BIA was not required to, address Raya-Mendoza's other contentions regarding eligibility for withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence supports the agency's denial of CAT relief, where Raya-Mendoza did not show it is more likely than not he would be tortured by or with the acquiescence of the Mexican government. *See Garcia-Milian v. Holder*,

755 F.3d 1026, 1033 (9th Cir. 2014).

We do not reach Raya-Mendoza's contentions regarding the IJ's adverse credibility determination, where the BIA did not adopt the IJ's decision or discuss credibility. *See Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009) (the court reviews only the BIA decision if the BIA wrote its own decision); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA).

The Clerk shall mail a copy of this memorandum to Raya-Mendoza at both 699 Manecita Circle, Perris, CA, 92571, and 2577 Elwood Court, Perris, CA, 92571.

**PETITION FOR REVIEW DENIED.**