NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORENZO GARCIA-DELFIN, AKA
Lorenzo Garcia Delfin, AKA Lorenzo
Delfin-Garcia,

     Petitioner,

 v.

WILLIAM P. BARR, Attorney General,

     Respondent.

No. 17-72765

Agency No. A200-154-379

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Lorenzo Garcia-Delfin, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law,

---

 \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 \*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not err or violate due process in denying Garcia-Delfin's claim of ineffective assistance of counsel for failure to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), where prior counsel's alleged ineffective assistance is not plain on the face of the record. *See Tamang v. Holder*, 598 F.3d 1083, 1089-91 (9th Cir. 2010) (holding that failure to satisfy *Matter of Lozada* requirements was fatal to ineffective assistance of counsel claim where ineffectiveness was not plain on the face of the record); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

The agency did not abuse its discretion in concluding that Garcia-Delfin failed to show good cause for a continuance. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider). The BIA sufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**

2                                                                                    17-72765