**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK A. VIGIL, AKA Denis Rivera-Molina,<br><br>               Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>               Respondent. | No.   15-73598<br><br>Agency No. A094-154-672<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Erick A. Vigil, a native and citizen of El Salvador, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying withholding of removal and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the factual findings underlying the agency's denial of CAT relief. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and grant in part the petition for review.

Substantial evidence supports the agency's determination that Vigil has not established the Salvadoran government would consent or acquiesce to any torture he may face if returned to El Salvador. *See Andrade-Garcia*, 828 F.3d at 836 (general ineffectiveness of government to prevent crime and inability to bring criminals to justice are not evidence of acquiescence). In light of this determination, we need not address Vigil's contentions regarding relocation. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts not required to make findings on issues the decision of which is unnecessary to the results).

The agency did not err in not considering the facts and circumstances of Vigil's conviction for reentry of a removed alien under 8 U.S.C. § 1326 to determine if he is a danger to the community, where the agency determined his crimes were per se particularly serious. *See* 8 U.S.C. § 1231(b)(3)(B) ("[A]n alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime.").

15-73598

The agency denied withholding of removal based in part on the determination that Vigil's conviction for robbery under California Penal Code ("CPC") § 211 is an aggravated felony crime of violence. *See* 8 U.S.C. § 1101(a)(43)(F) (the term aggravated felony means a crime of violence as defined in 18 U.S.C. § 16 for which the term of imprisonment is at least one year). However, the agency did not have the benefit of intervening case law undermining that determination. *See Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that the definition of "crime of violence" at 18 U.S.C. § 16(b) is impermissibly vague); *United States v. Martinez-Hernandez*, Nos. 16-50423 and 17-50295, 2019 WL 3332591 at *2-3 (9th Cir. July 25, 2019) (recognizing that CPC § 211 no longer fits the definition of "crime of violence" under 18 U.S.C. § 16(a)). Thus, we remand for the agency to consider Vigil's eligibility for withholding of removal in light of this intervening case law.

We decline to consider the government's contention that CPC § 211 is a categorical aggravated felony theft offense, where the BIA did not rely on this ground. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (court's review is limited to the actual grounds relied upon by the BIA).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

15-73598