**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MANIK AHMED,

*Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

*Respondent.*

No. 06-71631

Agency No.
A076-613-636

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 8, 2009—Pasadena, California

Filed June 24, 2009

Before: Harry Pregerson and David R. Thompson, Circuit
Judges, and Jeremy D. Fogel,* District Judge.

Opinion by Judge Thompson

---

*The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

## COUNSEL

Jesse A. Cripps, Jr., and Matthew D. Taggart, Los Angeles, California, for the petitioner.

Nairi M. Simonian, Department of Justice, Washington, D.C., for the respondent.

## OPINION

THOMPSON, Senior Circuit Judge:

Manik Ahmed ("Ahmed"), a native and citizen of Bangladesh, petitions for review of a final order by the Board of Immigration Appeals ("BIA") affirming a ruling by the Immigration Judge ("IJ") denying him a continuance of removal proceedings pending his appeal to the Administrative Appeals Office ("AAO") of the denial of his I-140 visa application. We have jurisdiction under 8 U.S.C. § 1252. We conclude that the IJ abused her discretion in denying the continuance. We grant the petition for review and remand for further proceedings.

## BACKGROUND

Ahmed is a forty-six year old native and citizen of Bangladesh. He admits he entered the United States illegally near Los Angeles without inspection sometime during 1995.

Ahmed applied for and received labor certification from the Department of Labor on April 16, 2001. He worked as a chef at the Makkah Halal Tandoori Restaurant in Los Angeles. He specialized in preparing Indian cuisine. On October 2, 2003, Ahmed submitted an I-140 petition.

While Ahmed's I-140 petition was pending, the government initiated removal proceedings against him. Ahmed appeared before the IJ on July 27, 2004; the IJ continued the matter until February 1, 2005, pending a decision on his I-140 petition. That petition subsequently was denied by the Department of Homeland Security ("DHS"), and Ahmed appealed the denial to the AAO.

At the time of Ahmed's second appearance before the IJ on February 1, 2005, his appeal of the denial of his I-140 petition was still pending. Ahmed requested an additional six-month

continuance, to await the AAO's decision. The government did not oppose Ahmed's request. The IJ nonetheless denied the continuance, declaring "I'm not keeping this on my calendar for his appeal pending on the I-140[.]"

The BIA issued a *Burbano* affirmance of the IJ's decision, *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), concluding that Ahmed was not deprived of a full and fair hearing. In affirming the IJ's ruling, the BIA specifically noted that Ahmed could not establish prima facie eligibility for adjustment of status without an approved I-140 petition. Ahmed then filed the instant petition for review.

## STANDARD OF REVIEW

Where, as here, the BIA issues a *Burbano* affirmance, we review the IJ's decision as if it were the decision of the BIA. *See, e.g., Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc). We review for abuse of discretion an IJ's denial of a continuance. *Karapetyan v. Mukasey*, 543 F.3d 1118, 1121 (9th Cir. 2008). We review questions of law de novo, and findings of fact for substantial evidence. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008).

## DISCUSSION

Before reaching the merits of Ahmed's appeal, we first must address the threshold issue of exhaustion. On appeal, Ahmed contends the IJ abused her discretion by denying his request for a second continuance because she failed to consider individual factors warranting a continuance in his case, and failed to make any statement of the grounds for her decision. Ahmed also contends the IJ violated his due process rights by depriving him of a full and fair hearing. The government argues Ahmed failed to exhaust these issues, because he did not raise any of these arguments in his brief before the BIA.

Claims addressed on the merits by the BIA are deemed exhausted. *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008). Here, the BIA specifically addressed the question whether the IJ abused her discretion by denying Ahmed's request for a continuance. The BIA also determined that Ahmed was not deprived of a full and fair hearing. Ahmed's claims thus have been sufficiently exhausted.

**[1]** Turning to the merits of the case, we must determine whether the IJ abused her discretion by denying Ahmed's request for a continuance. Under 8 C.F.R. § 1003.29, an IJ "may grant a motion for continuance for good cause shown." *Karapetyan*, 543 F.3d at 1129. The regulations do not define "good cause." The decision to grant or deny the continuance is within "the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (quoting *De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir. 1991)). The IJ's discretion, however, is not without limits. *Karapetyan*, 543 F.3d at 1129.

Whether a denial of a continuance constitutes an abuse of discretion must be evaluated on a case by case basis; it "cannot be decided through the application of bright line rules." *Cui*, 538 F.3d at 1292. When reviewing an IJ's denial of a continuance, we consider a number of factors, including: (1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted. *Karapetyan*, 543 F.3d at 1129; *see also Baires v. INS*, 856 F.2d 89, 92-93 (9th Cir. 1988).

### 1.   *Importance of Ahmed's AAO appeal*

**[2]** In both *Cui* and in *Karapetyan*, we held that the denial of a continuance prevented the petitioner from exercising her right to present evidence during removal proceedings. *See,*

*e.g., Cui*, 538 F.3d at 1292-93; *Karapetyan*, 543 F.3d at 1130-31; *see also* 8 U.S.C. § 1252(b). In both cases, we evaluated the importance of the evidence excluded as a result of the denied motions. *Cui*, 538 F.3d at 1292-93; *Karapetyan*, 543 F.3d at 1130-31. Because the excluded evidence was of "vital importance" to each petitioner's case, we held that this "counsel[ed] in favor of granting a continuance." *Cui*, 538 F.3d at 1293; *see also Karapetyan*, 543 F.3d at 1130-31.

**[3]** Just as a petitioner has a statutory right to present evidence on his own behalf in removal proceedings, the regulations provide visa applicants with the right to appeal the denial of an I-140 visa petition to the AAO. 8 U.S.C. § 1252(b); 8 C.F.R. § 204.5(n)(2). By denying Ahmed's request for a continuance, the IJ effectively pretermitted Ahmed's I-140 appeal.

**[4]** Had the continuance been granted, and had Ahmed's AAO appeal been successful, he could have filed a Form I-485 to adjust his status to that of a permanent resident. If Ahmed departs or is removed, he could be ineligible to reapply or renter the United States for a period of ten years. 8 U.S.C. § 1182(a)(9)(B)(i)(I). Of course, there is no guarantee that Ahmed would have been successful in his appeal. Nonetheless, the outcome of the appeal was undeniably "important," and this weighs in favor of granting the continuance-especially in light of the consequences of voluntary departure or removal.

## 2. *Ahmed's conduct*

**[5]** The need for a continuance did not result from any unreasonable conduct on Ahmed's part. Ahmed applied for his labor certification and filed his I-140 petition before removal proceedings were initiated against him. This distinguishes Ahmed from those petitioners who have applied for labor certification only after removal proceedings were initiated against them, in an attempt to delay the proceedings.

*Rajah v. Mukasey*, 544 F.3d 449, 454 (2d Cir. 2008) (discussing *Elbahja v. Keisler*, 505 F.3d 125 (2d Cir. 2007) (per curiam)).

Though we have not heretofore addressed this precise issue, both the Second and Seventh Circuits have expressed concern about blaming a petitioner for an administrative agency's delay in processing an employment-based visa application. *See, e.g., Rajah*, 544 F.3d at 456 (reversing denial of continuance and remanding to the BIA for further guidance on what constitutes "sufficient time" in light of the "delays endemic in almost every stage of acquiring any visa"); *Subhan v. Ashcroft*, 383 F.3d 591, 593-95 (7th Cir. 2004) (concluding that the immigration judge abused his discretion in denying petitioner a third requested continuance solely because the labor department had not yet acted on the petitioner's application, and holding that the immigration judge must provide a "reason consistent with [8 U.S.C. § 1255(i)]" when denying such a continuance). If anyone is to be blamed for the delay in this case, it is the AAO, not Ahmed. The need for a continuance cannot be attributed to any unreasonable behavior on Ahmed's part.

### 3. Inconvenience

**[6]** There would have been no inconvenience to the government as a result of a second six-month continuance. Indeed, the government did not oppose Ahmed's request. Nor does the record reflect any specific inconvenience to the administrative court, aside from the IJ's announcement that she was not "keeping this on [her] calendar for his appeal pending on the I-140[.]"

**[7]** We have repeatedly warned that "a myopic insistence upon expeditiousness" will not justify the denial of a meritorious request for delay, especially where the delay impairs the petitioner's statutory rights. *Cui*, 538 F.3d at 1292 (citation omitted). "[A]n immigrant's right to have [his or] her case

heard should not be sacrificed because of the [immigration judge's] heavy caseload." *Id.* at 1295.

### 4. *Number of continuances previously granted*

**[8]** Finally, we consider the number of continuances already afforded to the petitioner. Here, Ahmed had received one previous six-month continuance for the purpose of awaiting the DHS's decision on his I-140 petition. According to the estimate provided by the U.S. Citizenship and Immigration Service, the processing time for an I-140 appeal may be anywhere from nine to twenty-two months. U.S. Citizenship and Immigration Service, How Do I Appeal the Denial of My Petition or Application (April 2, 2009), http://www.uscis.gov/portal/site/uscis (follow "FAQ" hyperlink; then follow "How Do I Appeal the Denial of My Petition or Application?" hyperlink). While an IJ cannot be expected to continue a case indefinitely pending appeal, a second continuance would not have been unreasonable in light of this estimate.

**[9]** In sum, each of the foregoing factors favors the grant of a continuance in Ahmed's case. Yet there is no indication in the record that the IJ weighed any of them, or gave any consideration at all to whether good cause existed for the continuance.

**[10]** The regulations do not give IJs unfettered discretion to grant or deny a continuance. Rather, a continuance may be granted only "for good cause shown." 8 C.F.R. § 1003.29. Both the language of the regulation itself and our precedent require an IJ to make some inquiry into whether good cause exists in a given individual case. *Id.*; *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1119 (9th Cir. 2009), ("[The grant of] a continuance is governed by a meaningful standard: an [immigration judge] may grant a motion for a continuance 'for good cause shown.' " (quoting 8 C.F.R. § 1003.29)); *Baires*, 856 F.2d at 92.

**[11]** We also have recognized that the BIA "abuses its discretion when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief." *Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir. 1998) (internal quotation marks and emphasis omitted). Similarly, an IJ's failure to state a reasoned basis for her decision may constitute an abuse of discretion:

> [A] decision of the BIA or IJ under review in this court must contain a sufficient indication of the content of excluded evidence to allow us to review the exclusion for fundamental fairness. Any other conclusion would be nonsensical in the face of the constitutional, statutory, and regulatory regime allowing for an asylum applicant to offer evidence and the right of judicial review of final orders of deportation.

*Ladha v. INS*, 215 F.3d 889, 905 (9th Cir. 2000) (remanding to the BIA with instructions to clarify the basis of the decision, where the IJ gave no reason for discretionary decision to exclude evidence), *overruled in part on other grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). Here, the IJ abused her discretion by failing to provide any explanation for her decision, and failing to take into account any of the facts and circumstances of Ahmed's case that were relevant to the grant or denial of a continuance.

**[12]** Absent an explanation from the IJ, we have no choice but to conclude that the denial of the continuance was arbitrary and unreasonable. Administrative efficiency alone cannot justify the denial of a continuance where, as here, it has the effect of pretermitting a diligent petitioner's appeal of the denial of his I-140 petition.

This does not end our discussion. We still must address the BIA's decision to affirm the IJ's ruling on the ground that Ahmed failed to establish prima facie eligibility for adjustment of status. In *Garcia*, the BIA held that continuances gen-

erally should be granted to applicants who can establish prima facie eligibility for adjustment of status. *Matter of Garcia*, 16 I. & N. Dec. 653, 654, 657 (BIA 1978), *modified by Matter of Velarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002).

To establish such prima facie eligibility, a petitioner must show: (1) he is "eligible to receive an immigrant visa," and (2) a visa is "immediately available to the alien at the time the application is filed." 8 U.S.C. § 1255(i)(2)(A)-(B). Here, the BIA concluded that "[w]ithout an approved Form I-140 . . . a visa is not immediately available, and [Ahmed] cannot establish prima facie eligibility for adjustment of status." Yet there is significant conflict among the courts of appeal as to whether the denial of an I-140 petition in the first instance precludes an applicant from establishing that a visa is "immediately available." *Compare Varela v. Ashcroft*, 368 F.3d 864, 866 (8th Cir. 2004) *and Hassan v. INS*, 110 F.3d 490, 492-93 (7th Cir. 1997) *with Merchant v. U.S. Att'y Gen.*, 461 F.3d 1375, 1378 (11th Cir. 2006).

We need not decide, however, whether the denial of Ahmed's I-140 petition precluded him from establishing prima facie eligibility. Ahmed is not required to show prima facie eligibility for adjustment of status to demonstrate "good cause" for a continuance (though doing so would certainly help his case). Regardless of whether or not Ahmed was entitled to a continuance under *Garcia*, the IJ clearly abused her discretion by failing to provide a reason for denying the continuance. *See, e.g., Ladha*, 215 F.3d at 904-905; *Arrozal,* 159 F.3d at 432-33. Ahmed's prima facie eligibility or lack thereof does not excuse this abuse of discretion. To the extent the BIA concluded otherwise, it erred.

**[13]** Accordingly, we conclude that the IJ abused her discretion in denying the requested continuance. We need not reach Ahmed's constitutional due process claim. We GRANT the petition for relief, and REMAND to the BIA for further proceedings consistent with this opinion.