**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRISTINA BERNAL ONG,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-70947

Agency No. A097-368-183

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Cristina Bernal Ong, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying her motion for continuance of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

AR/Research

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and we dismiss in part and grant in part the petition for review.

The IJ denied the motion for lack of authority to continue the proceedings to await adjudication of Ong's pending appeal before the Administrative Appeals Unit ("AAU") of the denial of her I-129 petition. The IJ's reasoning that he lacked authority was contrary to law and therefore an abuse of discretion. *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000) (the agency abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law") (internal quotation marks and citations omitted); *see also Ahmed*, 569 F.3d at 1015 (IJ abused discretion by denying motion for second continuance to await adjudication of petitioner's pending [AAU] appeal of denial of I-140 petition).

Moreover, the IJ further abused his discretion because he did not explain his reasoning for the denial. *See Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir. 1998) (failing to state its reasons and show proper consideration of all factors when weighing equities and denying relief is an abuse of discretion) (internal quotation marks and emphasis omitted). We therefore grant the petition for review as to this claim.

We do not reach Ong's contention that she is eligible for lawful status under the H-1B visa program because her appeal before the AAU on this matter is allegedly pending. We therefore dismiss the petition for review as to this claim.

Lastly, we grant respondent's motion to supplement the record.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part.**