
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MI AE LEE, aka Mi Ae Jeong; BYUNG KI JEONG; JAE WOO JEONG; HYE YUN JEONG, <br><br>         Petitioners, <br><br>   v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br>         Respondent. | No. 07-70494 <br><br> Agency Nos. A75-701-542/43/44/45 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2013[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and GLEASON, District Judge.[***]

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]   The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Mi Ae Lee, Byung Ki Jeong, Jae Woo Jeong, and Hye Yun Jeong ("Petitioners"), citizens of the Republic of Korea, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of an immigration judge's decision finding them removable and ineligible for relief. Petitioners assert the immigration judge's refusal to grant a continuance during their removal proceedings was a clear abuse of discretion and a violation of their due process rights. They also maintain that the revocation of Mi Ae Lee's original I-140 petition was invalid for lack of notice such that the "porting" of the I-140 petition to a successor employer preserves their eligibility to adjust status. This Court has jurisdiction under 8 U.S.C. § 1252. We review BIA rulings on questions of law, including alleged due process violations, de novo. *Mendez-Mendez v. Mukasey*, 525 F.3d 828, 832 (9th Cir. 2008). We deny the petition for review.

Petitioners had almost a full year to file an immigration application or present additional evidence in their case. They did neither. The BIA did not err in finding that the immigration judge's refusal to grant a continuance was not an abuse of discretion nor did it constitute a violation of due process rights. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009); *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012).

2

The revocation of the I-140 petition due to fraud was valid even if Petitioners never received notice of the revocation. 8 U.S.C. § 1155; Intelligence Reform and Terrorism Prevention Act of 2004, P.L. No. 108-458, § 5304(c), 118 Stat. 3638, 3736 (2004). Thus, the BIA did not err in concluding that because Petitioners have no valid I-140 petition, they cannot adjust their status. 8 U.S.C. § 1255(a); *see also Herrera v. U.S. Citizenship & Immigration Servs.*, 571 F.3d 881, 886-89 (9th Cir. 2009) (portability provisions do not affect BIA's revocation authority).

**PETITION FOR REVIEW DENIED.**