**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE MAGANA-VILLALVAZO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 15-70580 <br><br> Agency No. A200-089-286 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Jorge Magana-Villalvazo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a continuance.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Magana-Villalvazo's request for a continuance for failure to show good cause, where he did not show he would be statutorily eligible for the relief sought. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause shown); *Ahmed,* 569 F.3d at 1012.

Magana-Villalvazo's contention that the agency did not properly consider the factors in evaluating whether he had shown good cause for a continuance is not supported by the record. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the agency] consider[s] the issues raised, and announce[s] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citations and quotation marks omitted)).

To the extent Magana-Villalvazo contends the IJ erred in not addressing whether his voluntary return was lawful, he failed to exhaust this contention. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**