Natividad **RAMOS-MARROQUIN,**
Petitioner,

v.

Jefferson B. **SESSIONS III, Attorney**
**General, Respondent.**

No. 16-71341

United States Court of Appeals,
Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Garrett James Wilkes, Trial Attorney, Garrett Wilkes Law, PLLC, Phoenix, AZ, for Petitioner

Drew Brinkman, Suzanne N. Nardone, Esquire, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Natividad Ramos-Marroquin, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' or-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

der dismissing her appeal from an immigration judge's ("IJ") decision denying her motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying for lack of good cause Ramos-Marroquin's motion for a further continuance, where Ramos-Marroquin was not eligible to adjust her status, and post-conviction relief remained a speculative possibility at the time of her final hearing. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (outlining factors for the reviewing court to consider when reviewing the agency's denial of a continuance); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on ... speculations."); *cf. Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011) (listing factors the agency should consider in determining whether to continue proceedings for adjudication of a pending visa petition).

The record does not support Ramos-Marroquin's contention that the agency failed to apply the correct standard or consider relevant factors in denying the continuance.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.