NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR YANEZ-RESENDIZ, AKA Victor Yanez, <br><br>            Petitioner, <br><br>    v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>            Respondent. | No.    16-73328 <br><br> Agency No. A206-520-275 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before:      FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Victor Yanez-Resendiz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decisions denying his request for a continuance and

denying reconsideration of the determination that he abandoned his opportunity to

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

file a motion to suppress evidence and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and the denial of a motion to reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Yanez-Resendiz's request for a further continuance for lack of good cause, where he did not file his motion to suppress and terminate prior to the IJ's deadline and therefore waived his opportunity to do so. *See* 8 C.F.R. §§ 1003.29, 1003.31(c); *Ahmed*, 569 F.3d at 1012 (listing factors to consider).

The agency also did not abuse its discretion or violate due process in denying Yanez-Resendiz's motion to reconsider the abandonment of his motion to suppress and terminate, where he did not identify any error of fact or law in the IJ's determination. *See* 8 C.F.R. §§ 1003.23(b)(2), 1003.31(c); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

We do not reach Yanez-Resendiz's contention that evidence should have been suppressed on the basis of an alleged egregious violation of the Fourth Amendment. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010)

16-73328

(review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED.**

16-73328