**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KUAN-YI CHEN, AKA Kuanyi Chen, AKA Pangzi Chen,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>Respondent. | No.   15-72031<br><br>Agency No. A205-346-897<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2018
University of Hawaii Manoa

Before:  WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Kuan-Yi Chen (Chen), a native and citizen of Taiwan who resides in the

Commonwealth of the Northern Mariana Islands (CNMI), petitions for review of

the Board of Immigration Appeals' (BIA) decision affirming the Immigration

Judge's (IJ) denial of a continuance and of administrative closure.  We have

jurisdiction pursuant to 8 U.S.C. § 1252.  We review questions of law de novo and

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

findings of fact for substantial evidence, *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008), and we review denial of a continuance for abuse of discretion, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

1.      The BIA did not err in affirming the IJ's denial of a continuance to give Chen more time to file an application for parole through his U.S. citizen daughter. The BIA did not abuse its discretion in concluding that any potential relief was speculative. Chen had previously applied for parole, but he was denied that relief in 2012 after failing to respond to a request that he submit proof of his marriage and proof of legal presence in CNMI. Given this and Chen's conviction under 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i) for harboring aliens for financial gain, the BIA did not err in concluding it was unlikely Chen would be eligible for a favorable exercise of discretion, and thus had not shown "good cause" to warrant a continuance. 8 C.F.R. § 1003.29; *see An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) ("The regulations do not define good cause, but the IJ—and, on appeal, the BIA—should consider factors including (1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." (internal quotation marks and citation omitted)).

2.      The BIA did not err in denying Chen administrative closure to allow him to apply for parole. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 890-91 (9th

Cir. 2018). There was substantial evidence that relief was speculative because of Chen's previous denial of parole, his conviction for harboring aliens for financial gain, and the lack of any pending application for parole or other relief.

**PETITION DENIED.**