**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDY ALBERTO SOSA, AKA Fredy Alberto Sosa Morales, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-73488 <br><br> Agency No. A077-362-386 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges

Fredy Alberto Sosa, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his application under 8 U.S.C. § 1186a(c)(4)(B)

for waiver of the joint filing requirement to remove the conditional basis of his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

lawful permanent resident status. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for substantial evidence the agency's factual findings. *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1141 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Sosa's request for a continuance, where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (factors considered include the nature of the evidence excluded and the reasonableness of the immigrant's conduct).

Sosa's related due process claim fails for lack of prejudice, where he did not explain how his ex-wife's testimony may have changed the result in his case. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Substantial evidence supports the agency's denial of Sosa's application for a waiver under 8 U.S.C. § 1186a(c)(4)(B), where, even assuming Sosa's credibility, the testimonial and documentary evidence of record do not compel reversal of the agency's determination that he failed to meet his burden of establishing that he entered into his marriage in good faith. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010) (where the BIA does not make an explicit adverse credibility finding, the court assumes the petitioner to be credible); 8 C.F.R. § 216.5(e)(2)

17-73488

(listing types of evidence relevant to good faith marriage waiver); *Oropeza-Wong*, 406 F.3d at 1148.

**PETITION FOR REVIEW DENIED.**