
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORQUIDIA TAMARA HERNANDEZ-GARCIA,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No.  19-70030<br><br>Agency No. A216-274-404<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021**
Pasadena, California

Before:  KLEINFELD, HIGGINSON,*** and OWENS, Circuit Judges.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Orquidia Tamara Hernandez-Garcia claims she was denied a full and fair hearing before the Immigration Judge because he interrupted her answers to questions, he did not allow parties to make a closing argument, and he failed to assist her in developing her case on the record. The Immigration Judge acted appropriately. Far from harming Hernandez-Garcia, the Immigration Judge's questions and interjections were designed to help get to the root issues of her claims. Therefore, the Immigration Judge was responsive to the particular circumstances of the case, and Hernandez-Garcia's due process rights were not violated. *See Hussain v. Rosen*, 985 F.3d 634, 643–45 (9th Cir. 2021).

Hernandez-Garcia further argues that the Board erred in finding that she did not establish good cause for a continuance in her case. The decision to grant a continuance is generally within the sound discretion of the Immigration Judge. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir. 1996). The Immigration Judge was well within his discretion to deny the continuance because Hernandez-Garcia had previously been given a continuance, had several months to obtain counsel, and had previously told the Immigration Judge that she had decided to proceed pro se for her merits hearing. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (noting relevant factors in evaluating a denial of a continuance include the

reasonableness of the immigrant's conduct and the inconvenience to the court). Hernandez-Garcia has not pointed to any factor weighing in favor of granting a continuance. *See id.*

Next, Hernandez-Garcia claims that the Board erred in holding that her social group, "family of my son," was not cognizable. The record does not compel a conclusion contrary to the Board's determinations that Hernandez-Garcia failed to show that her proposed social group had particularity and that the harm to her was motivated by animus towards her proposed social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016); *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (B.I.A. 2017) (affirmed in part and overruled in part by *Matter of L-E-A-*, 27 I. & N. Dec. 581 (2019)). Thus, her asylum and withholding of removal claims necessarily fail.

Finally, substantial evidence supports the Board's denial of relief under the Convention Against Torture because Hernandez-Garcia has not shown that she was the victim of past torture, or that she could not relocate within Guatemala. *See* 8 C.F.R. §§ 1208.16(c)(3), 1208.18(a)(1).

The petition for review is **DENIED.**