**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ISMELDA PATRICIA SORIANO RUIZ; et al., | No. 19-71349 |
| Petitioners, | Agency Nos. A202-097-278<br>A202-097-279<br>A202-097-280 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021**
Pasadena, California

Before: GRABER, MILLER, and LEE, Circuit Judges.

Petitioners Ismelda Soriano Ruiz and her two minor children, natives and

citizens of Guatemala, petition for review of an order of the Board of Immigration

Appeals affirming the denial of their applications for asylum and withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1. Our precedent forecloses the argument that the immigration judge lacked jurisdiction because the notices to appear did not specify the time and place of the hearing. "[T]he jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform the alien of the time, date, and location of the hearing." *United States v. Bastide-Hernandez*, 986 F.3d 1245, 1248 (9th Cir. 2021).

2. Soriano Ruiz's placement in standard removal proceedings without a credible-fear interview did not violate due process. "The government has discretion to place noncitizens in standard removal proceedings even if the expedited removal statute could be applied to them." *Flores v. Barr*, 934 F.3d 910, 916 (9th Cir. 2019). And because Soriano Ruiz was "given a full and fair opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application," she received all that due process requires. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007). In any event, Soriano Ruiz cannot show prejudice. *See id.* at 926. If Soriano Ruiz had been given a credible-fear interview and found credible, she would have received "full consideration" of her claims in a standard removal hearing—the very process she received from the outset by bypassing the agency's expedited removal procedures. *See DHS v. Thuraissigiam*, 140 S. Ct. 1959, 1964–

2

66 (2020) (citation omitted).

Nor did the immigration judge lack jurisdiction under 8 C.F.R. § 208.2. Section 208.2(b) provides that an immigration judge "shall have exclusive jurisdiction over asylum applications filed by an alien who has been served a . . . Form I-862, Notice to Appear," with which Soriano Ruiz and her children were served.

3.    Soriano Ruiz claims that the immigration judge abused his discretion by denying a continuance to consolidate her and her children's cases with that of her husband, Francis Rivera. In assessing whether the immigration judge abused his discretion, we consider "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (quoting *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009)).

Soriano Ruiz has not explained why her case should have been consolidated with Rivera's. As the immigration judge noted, the facts underlying their claims for relief are entirely different. Rivera came to the United States fleeing gang violence. By contrast, Soriano Ruiz and her children fled Guatemala years later to escape domestic violence perpetrated by Soriano Ruiz's then domestic partner, Alonzo; when they left, they did not even know that Rivera was in the United

States. Soriano Ruiz did not marry Rivera until she had been living in the United States for almost two years—almost a year after she filed her Form I-589. In any event, although the immigration judge declined to formally consolidate Soriano Ruiz's case with Rivera's, their hearings were held together. We also note that Soriano Ruiz and her children's cases had previously been continued at their request. The immigration judge did not abuse his discretion in denying another continuance. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011).

4.      Finally, Soriano Ruiz argues that the agency's adverse credibility determination is not supported by substantial evidence. An immigration judge may enter an adverse credibility determination based on the totality of the circumstances, including inconsistencies in an applicant's testimony, so long as he "provide[s] specific and cogent reasons" based on "specific instances in the record" and provides an opportunity for the applicant to explain the inconsistency. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (citation omitted). An inconsistency need not "go to the heart" of a petitioner's claim, but such inconsistencies are "of great weight." *Id.* at 1043, 1047.

The Board identified multiple inconsistencies in affirming the immigration judge's adverse credibility determination. In her declaration, Soriano Ruiz claimed that Alonzo did not physically abuse her while she was pregnant, but at her hearing, she testified that he did. When asked about the discrepancy, Soriano Ruiz

4

said she was "nervous" and "didn't know what [she] said." After further attempts to clarify the discrepancy, she was unable to provide an explanation. Soriano Ruiz also admitted that she lied when she testified that she received no assistance in coming to the United States. And when she was asked about an inconsistency between her declaration and her testimony concerning who knew of her abuse, Soriano Ruiz admitted that her testimony "wasn't true." These inconsistencies constitute substantial evidence for the agency's adverse credibility determination.

Soriano Ruiz argues that the agency did not adequately consider psychological evidence that could have explained her inconsistent testimony. But in light of her testimony that she was "feeling better" after regular visits with a psychologist, the Board's determination that this evidence could not "overcome the Immigration Judge's credibility concerns in the totality of the circumstances" is supported by substantial evidence.

**PETITION DENIED.**