NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUSTIN ROMERO GARCIA; et al., | No. 19-72942 |
| Petitioners, | Agency Nos. A206-498-959 |
| v. | A089-862-573 |
| | A206-498-953 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021**
Pasadena, California

Before: SILER,*** HURWITZ, and COLLINS, Circuit Judges.

Agustin Romero Garcia ("Romero Garcia"), Beatriz Alejandra Navarrete

Barajas ("Navarrete"), and Agustin Romero Navarrete ("Romero") (collectively,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

"Petitioners"), natives and citizens of Mexico, petition for review of a decision by the Board of Immigration Appeals ("BIA") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review for substantial evidence the factual findings underlying the determination that an applicant has not demonstrated eligibility for asylum, withholding of removal, or CAT relief. *See Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We deny the petition for review.

1. The IJ did not abuse her discretion in finding that Petitioners had not established good cause for a continuance of the hearing to seek certifications for U- or T-visas. 8 C.F.R. §§ 1003.29, 1240.6. We review the denial of a continuance for abuse of discretion and consider "the nature of the evidence excluded," "the reasonableness of the immigrant's conduct," any "inconvenience to the court," and "the number of continuances previously granted." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

Although the IJ "did not expressly address the *Ahmed* factors, [she] sufficiently outlined why good cause did not exist." *Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019). The IJ noted that the request for a continuance was made on the date of the hearing and came nearly ten years after Navarrete allegedly became eligible for a visa. The IJ also noted that Petitioners had been given over two years to prepare for the hearing, thus providing them ample time to bring this issue to the

court's attention. Moreover, the denial of a continuance did not deprive Navarrete of the opportunity to seek a visa; she remained eligible to do so even after an order of removal was entered. *See* 8 C.F.R. § 214.14(c)(1)(ii), § 214.11(d)(1)(ii).

2. Substantial evidence supports the BIA's determination that, even assuming their proposed social groups were cognizable, Petitioners failed to establish a nexus between any past or feared future persecution and membership in these social groups and therefore were not eligible for asylum or withholding. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Navarrete allegedly fears persecution as one involved "in a missionary or a religious organization who is well known in the community as someone collecting funds on behalf of the organization and was targeted by criminal organizations"; Romero Garcia relies on his familial relationship with Navarrete, and Romero's claim for relief is derivative of his father's.

But, Petitioners failed to establish any non-financial motive of the perpetrators of the prior crimes of which Navarrete was the victim, nor did they demonstrate that the Knights Templar would harm Navarrete in the future because of her former charitable work. In fact, Petitioners testified that the Knights Templar were the gang in control of that area and were known for violence against people perceived to have money. Nor did Petitioners establish that threats they received in Mexico were motivated by Navarrete's charitable work or by family membership.

3.  Substantial evidence supports the agency's determination that Petitioners did not demonstrate that it is more likely than not that they will be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity" upon removal to Mexico, for any reason. *See* 8 C.F.R. §§ 1208.18(a)(l), 1208.16(c)(2). In that regard, the IJ appropriately considered the Petitioners' ability to relocate within Mexico. *See Maldonado v. Lynch*, 786 F.3d 1155, 1162-64 (9th Cir. 2015); 8 C.F.R. § 1208.16(c)(3)(ii). After Navarrete was robbed and kidnapped in her hometown, Petitioners safely relocated to another city and suffered no harm there. Therefore, the agency properly rejected Petitioners' request for CAT relief.

**PETITION FOR REVIEW DENIED**.