**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICK ALEXANDER RAMOS BONILLA; et al., | No. 23-696 |
| Petitioners, | Agency Nos. A209-830-705 A209-437-997 A209-830-706 A209-437-998 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Erick Alexander Ramos Bonilla, his wife, and their two minor children,

natives and citizens of El Salvador, petition pro se for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying their request for a continuance and their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review for substantial evidence the agency's factual findings. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying petitioners' request for a continuance where they did not demonstrate good cause. *See id.* (factors considered in reviewing the denial of a continuance); 8 C.F.R. § 1003.29.

We do not disturb the agency's determination that petitioners failed to establish they suffered harm that rises to the level of persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (applicant who alleges past persecution has burden of proving that the treatment rises to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the agency's determination that petitioners failed to establish they would be persecuted on account of a family-based particular social group or a political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or

circumstantial"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (political opinion claim rejected where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the agency's determination that petitioners failed to establish an objectively reasonable fear of future persecution on account of their membership in a particular social group of "women in El Salvador." *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Further, on this record, petitioners failed to establish a pattern or practice of persecution of women in El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009) (discussion of the standard for establishing a pattern or practice of persecution).

Thus, petitioners' asylum and withholding of removal claims fail. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by

or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners' contentions regarding ineffective assistance of counsel are not properly before the court because they failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule); *Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**