NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS RAMIREZ-CAMPOS, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-849 Agency No. A206-914-581 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Pasadena, California

Before: PAEZ and R. NELSON, Circuit Judges, and LASNIK, District Judge.[***]

Petitioner Juan Carlos Ramirez-Campos petitions for review of the Bureau of

Immigration Appeal's (BIA) decision affirming the Immigration Judge's (IJ) denial

of cancellation of removal, a continuance pending the United States Citizenship

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Services' (USCIS) review of his U-Visa petition, and remand to the IJ to consider new evidence. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The IJ and BIA had jurisdiction. Petitioner argues they did not because his initial Notice to Appear (NTA) did not contain a date or hearing location. But our court squarely rejected this argument in *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023). "Although the statutory definition of an NTA requires that it contain the date and time of the removal hearing, this provision chiefly concerns the notice the government must provide noncitizens regarding their removal proceedings, not the authority of immigration courts to conduct those proceedings." *Id.* at 1192 (internal citation omitted).

2. The IJ and BIA correctly found Petitioner statutorily ineligible for cancellation of removal because he was convicted of two or more crimes involving moral turpitude (CIMTs). *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C). Petitioner argues that a conviction for grand theft under California Penal Code § 487 is not a CIMT because it could include the taking of property with intent to deprive only temporarily. But our precedents hold that "grand theft or petty theft under Cal. Penal Code § 484 requires, in common with other crimes of moral turpitude, 'the specific intent to deprive the victim of his property permanently.'" *Castillo-Cruz v.*

*Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009). To the extent that Petitioner also argues the grand theft conviction is not a CIMT because it could include taking through false pretenses, our precedents also foreclose this argument. All offenses "involving fraud," which encompasses false pretenses, are crimes involving moral turpitude. *Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012); *see also Rashtabadi v. INS*, 23 F.3d 1562, 1568 (9th Cir. 1994); *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136 (9th Cir. 1999).

3. The IJ did not abuse his discretion or violate Petitioner's Due Process rights by denying his motion to continue proceedings based on his U-Visa application. *Cf. Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (2023). We look to four factors when addressing this question: "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Id.* (quoting *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009)).

While Petitioner could have applied for a U-Visa any time after the implementing regulations took effect in 2007, he did not commence the application process until "after removal proceedings were initiated against" him. *Ahmed*, 569 F.3d at 1013. The IJ granted Petitioner three continuances to accommodate the filing and adjudication of his U-Visa application. USCIS, however, did not issue a decision until at least three years after Petitioner filed the application. Finally,

3                                                                                    23-849

Petitioner can still pursue his U-Visa petition from outside the United States. *See* 8 C.F.R. § 214.14(c). The factors therefore militate against finding that IJ's denial was "arbitrary, irrational, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000) (quotation omitted).

4. The IJ did not violate Petitioner's Due Process rights when it denied him a continuance. The proceeding was not so fundamentally unfair that Petitioner was prevented from reasonably presenting his case. *See Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). Petitioner had ample time to prepare his U-Visa application and he is free to pursue a U-Visa regardless of the outcome here, *see* 8 C.F.R. § 214.14(c).

5. The BIA did not abuse its discretion by denying Petitioner's motion to remand to the IJ. Petitioner argues he is entitled to such relief because of the evidence he submitted of the pending U-Visa application. This too is reviewed for abuse of discretion. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015). Petitioner's new evidence only shows that USCIS "requires additional evidence to process [Petitioner's] form." Petitioner has not shown "a prima facie case for the relief sought" to justify his motion. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023).

23-849

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal, Dkt. 3, is denied as moot.