**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ESTHER CASILLAS-HUARACHA, AKA Maite,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 14-73993<br><br>Agency No. A206-409-309<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

Maria Casillas-Huaracha, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision dismissing an appeal from an

order of an Immigration Judge ("IJ") denying cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review de novo questions of law, including whether the agency violated a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

petitioner's due process rights and whether a petitioner's conviction has immigration consequences. *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012); *Rafaelano v. Wilson*, 471 F.3d 1091, 1094 (9th Cir. 2006). We review an IJ's decision to deny a request for a continuance for abuse of discretion. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008).

1. The IJ did not err by relying on Casillas-Huaracha's testimony as proof of her two California convictions for methamphetamine possession. *See Ortiz v. INS*, 179 F.3d 1148, 1155 (9th Cir. 1999). An IJ may rely on any "evidence that reasonably indicates the existence of a criminal conviction." 8 C.F.R. § 1003.41(d).

2. The "decision to grant or deny [a] continuance is within the sound discretion of the judge." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (cleaned up). Casillas-Huaracha's attorney neither requested a continuance nor suggested a need to present additional evidence. Nor does the record compel the conclusion that a continuance was necessary for a fair adjudication. Thus, the IJ did not abuse her discretion by failing to grant a continuance sua sponte.

The record does not show that Casillas-Huaracha's hearing was "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (cleaned up). The hearing consisted of a permissible back-and-forth between the IJ and Casillas-Huaracha regarding her entry into the country, familial status, and criminal convictions. *See* 8

2

U.S.C. § 1229a(b)(1) ("The immigration judge shall . . . interrogate, examine, and cross-examine the alien and any witnesses."). Although the IJ pretermitted arguments about a U visa waiver of admissibility by stating that she lacked jurisdiction to address the issue, Casillas-Huaracha's attorney was allowed to continue his argument. And at the end of the hearing, the IJ asked, "is there any other relief besides the cancellation of removal which she is ineligible for and the U visa [over] which this Court has no jurisdiction?" Her attorney responded in the negative.

3. Casillas-Huaracha contends that the IJ violated her "statutory and due process rights by preventing her from seeking a U visa waiver." But an IJ's authority to grant a waiver of inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii) "extends only over those seeking admission." *Man v. Barr*, 940 F.3d 1354, 1357 (9th Cir. 2019) (cleaned up). Department of Justice regulations restrict that authority "to instances where a waiver request was first made to a district director (who is part of DHS) *prior to an individual's arrival to the United States*." *Id.* (cleaned up). Casillas-Huaracha entered the country decades ago. Although 8 U.S.C. § 1225(a)(1) provides that "[a]n alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission," it does not apply here because § 1182(d)(3)(A)(ii) does not refer to an immigrant's legal status for purposes of removal proceedings. *See Torres v. Barr*, 976 F.3d 918, 928-29 (9th Cir. 2020) (en banc).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Because we reject Casillas-Huaracha's arguments on the merits, we do not address the government's arguments concerning exhaustion. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (holding that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is nonjurisidictional). The stay of removal will dissolve upon issuance of the mandate.