**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIPOLITO TINAJERO-AMADOR, AKA Hipolito Tinajero Amador, | No. 19-71042 |
| Petitioner, | Agency No. A099-974-548 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before: MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Hipolito Tinajero-Amador, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"),

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, and his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We grant the petition for review and remand.

The IJ abused her discretion by denying Tinajero-Amador's motion for a continuance without explaining the basis for this decision. *See* 8 C.F.R. § 1003.29; *see also Ahmed*, 569 F.3d at 1014 ("Absent an explanation from the IJ, we have no choice but to conclude that the denial of the continuance was arbitrary and unreasonable."). Tinajero-Amador contends that the denial of the continuance violated his right to due process. Specifically, Tinajero-Amador asserts that the IJ deprived him of a full and fair hearing by preventing him from reasonably presenting his case and testimony. We agree. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109-11 (9th Cir. 2010) (denial of continuance was an abuse of discretion and resulted in denial of full and fair hearing); *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009) ("Remand is generally necessary when an alien is prevented from reasonably presenting her case or when an IJ's actions prevent the introduction of significant testimony."). Thus, we grant the petition for review and remand to the agency for further proceedings consistent with this disposition. *See*

19-71042

*INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we do not reach Tinajero-Amador's remaining contentions regarding the agency's denial of asylum, withholding of removal, CAT, and cancellation of removal.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**

19-71042