NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO SERRANO-FLORES, AKA Juan Sanchez-Ruiz, AKA Jose Serrano, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71586 <br><br> Agency No. A205-716-726 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Jose Antonio Serrano-Flores, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying voluntary

departure and dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for cancellation of removal and his motion to continue.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a continuance and review de novo questions of law.  *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denial of cancellation of removal, where Serrano-Flores did not show a legal or constitutional error.  *See Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012); 8 U.S.C. § 1252(a)(2)(D).  Because the discretionary determination is dispositive, we do not address Serrano-Flores's contentions regarding credibility and hardship. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

The BIA did not err in reviewing the IJ's voluntary departure decision de novo.  *See* 8 C.F.R. § 1003.1(d)(3)(ii).  To the extent Serrano-Flores contends the BIA engaged in impermissible factfinding, this is not supported.

The agency did not abuse its discretion in denying Serrano-Flores's motion to continue, where he did not show eligibility for adjustment of status, had been in removal proceedings and represented for almost two years, did not show why he could not have timely submitted evidence of hardship, and was admonished about the consequences of not meeting the document submission deadline.  *See Ahmed*,

569 F.3d at 1012 (listing factors to consider when reviewing the agency's denial of a continuance). Serrano-Flores's contention that the agency did not consider the proper factors is not supported.

Serrano-Flores's contention that the IJ lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, No. 18-70855, 2020 WL 2123371, at *2 (9th Cir. May 5, 2020) (notice to appear "need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing").

**PETITON FOR REVIEW DISMISSED in part; DENIED in part.**