**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONIA RIVERA GONZALEZ,<br><br>               Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>               Respondent. | No. 17-70493<br><br>Agency No. A072-930-587<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Sonia Rivera Gonzalez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from

the Immigration Judge's decision denying withholding of removal and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the particularly serious crime determination and review for substantial evidence the denial of CAT relief. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The BIA did not abuse its discretion in determining Gonzalez's conviction under 21 U.S.C. §§ 952 and 960 is a particularly serious crime that renders her ineligible for withholding of removal, where drug trafficking crimes are presumed to be particularly serious and the agency relied on the appropriate factors and proper evidence in concluding Gonzalez failed to rebut that presumption. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2); *Miguel- Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (recognizing the "strong presumption that drug trafficking offenses are particularly serious"); *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (review limited "to ensuring that the agency relied on the appropriate factors and proper evidence" (internal quotations omitted)). As this determination is dispositive, we do not reach Gonzalez's remaining contentions regarding her eligibility for withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

2

Substantial evidence also supports the BIA's denial of CAT relief, as Gonzalez did not show it is more likely than not she would be tortured by or with the acquiescence of the Mexican government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**