NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CASTRO-PEREZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-73268 <br><br> Agency No. A094-075-853 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2020[**]
Seattle, Washington

Before: MILLER and BRESS, Circuit Judges, and BASTIAN,[***] District Judge.

Julio Castro-Perez, a Guatemalan citizen and member of the Quiche tribe, seeks review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) decision denying Castro-Perez's claims for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Stanley Allen Bastian, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

withholding of removal and relief under the Convention Against Torture (CAT).[1] We review factual findings for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the denial of withholding of removal. To obtain relief, Castro-Perez "must show a clear probability of future persecution," *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (quotations omitted), by showing it is "more likely than not" that he will experience persecution because of his race, religion, nationality, political opinion, or membership in a particular social group, 8 C.F.R. § 208.16(b)(2).

Substantial evidence supports the BIA's determination that Castro-Perez has not shown an individualized risk of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Castro-Perez does not argue he suffered past persecution. In addition, nothing in the record compels the conclusion that Castro-Perez will be singled out for persecution because he is Quiche. The BIA could also reasonably conclude that the murder of Castro-Perez's father-in-law did not demonstrate a likelihood that Castro-Perez would experience persecution, especially when Castro-Perez admitted this murder did not concern him.

---

[1] Castro-Perez does not challenge the IJ's and BIA's determination that his asylum application was untimely. We thus do not consider that claim.

Substantial evidence supports the BIA's further conclusion that Castro-Perez has not demonstrated a "systematic pattern or practice of persecution against the group to which he belongs in his home country." *Id.* at 1060 (quotations omitted). The "mere economic disadvantage" that the Quiche experience does not compel the conclusion that Guatemala engages in the systematic persecution of that group. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004); *see also Wakkary*, 558 F.3d at 1060–62 (discussing standard for establishing a pattern or practice of persecution). Persecution is instead an "extreme concept" and "does not include every sort of treatment our society regards as offensive." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quotations omitted); *see also Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018). The record does not compel the conclusion that Guatemala's treatment of the Quiche people rises to that level. Nor does the record evidence of past violence against indigenous people in Guatemala compel the conclusion that there exists a current pattern practice of persecution against the Quiche.

2. Substantial evidence supports the denial of CAT relief. To obtain such relief, Castro-Perez must prove that government officials or private actors with government consent or acquiescence would "more likely than not" torture him after he returns to Guatemala. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quotations omitted). Castro-Perez argues he will experience torture because

3

the Quiche people encounter discrimination, have suffered past violence, and are subject to "extreme poverty." The BIA could reasonably conclude that these circumstances do not meet the CAT standard for torture. *See Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) (explaining that torture "is more severe than persecution").

3. The IJ did not abuse its discretion by refusing to consider Castro-Perez's late-filed evidence. *See Owino v. Holder*, 771 F.3d 527, 532 (9th Cir. 2014) (standard of review). The agency may deny an untimely request to submit evidence if it considers "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Id.* (quotations omitted).

The record shows that the IJ sufficiently and reasonably considered the relevant factors. Among other things, the IJ reasonably refused to consider the evidence because Castro-Perez was given approximately two years to gather it and did not submit it by the deadline. Nor was the excluded evidence—which consisted of around thirty pages of materials that largely summarized materials already in the record—"critical" to Castro-Perez's claims. *Id.* at 533; *see also Ahmed v. Holder*, 569 F.3d 1009, 1012–13 (9th Cir. 2009).

**PETITION DENIED.**