NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IAN RICARDO COBOURNE, AKA Horace Vincent Megghie, AKA Vincent Megghie-Horace, AKA Charlesworth Sweeny, Jr., AKA Michael Wilson,<br><br>              Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No.    19-73029<br><br>Agency No. A072-163-287<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2020[**]
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,[***] District Judge.

   Ian Ricardo Cobourne, a native and citizen of Jamaica, petitions for review of

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

   [***]    The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

the Board of Immigration Appeals's ("BIA") order dismissing his appeal from an immigration judge's decision denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a continuance for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.[1]

The agency did not err or abuse its discretion in concluding that Cobourne failed to show good cause for a continuance. *See* 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a continuance for good cause shown."); *Ahmed*, 569 F.3d at 1012 (listing factors to consider). Cobourne had fourteen months—from November 2, 2016 to January 4, 2018—to find counsel and prepare for his merits hearing. Cobourne had sufficient notice of the January 4, 2018 hearing and express warning that he would be required to proceed *pro se* should he fail to obtain counsel. Cobourne provides no explanation for why he waited over a year to hire a new attorney.

Consequently, Cobourne's due process claim also fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (a petitioner must show "error and substantial prejudice" to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

[1] Cobourne's motion for stay of removal (Doc. 9) is denied as moot.