**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAOLA CORTEZ CUEVAS, | No. 20-72456 |
| Petitioner, | Agency No. A208-117-672 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023**
Pasadena, California

Before:    TASHIMA, HURWITZ, and BADE, Circuit Judges.

Paola Cortez Cuevas, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her request for a continuance and

ordering her removed.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

*        This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously finds this case suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo questions of law and claims of due process violations in immigration proceedings, *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003), and whether a petitioner's statutory right to counsel was violated, *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1079 (9th Cir. 2007). We deny the petition for review.

1.      The agency did not abuse its discretion in denying Cortez Cuevas' request for a further continuance because she did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion). "Although the BIA did not expressly address the *Ahmed* factors, the IJ sufficiently outlined why good cause [for a continuance] did not exist." *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019). Cortez Cuevas' contention that the agency erred by failing to assess factors specific to her adjustment-of-status application fails because she failed to provide evidence of a pending application like "copies of relevant submissions in the collateral proceeding [and] supporting affidavits." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 418 (A.G. 2018).

2.      The BIA did not err in concluding that the IJ did not violate Cortez Cuevas' right to due process by proceeding in the absence of a waiver of counsel and by failing to inform her of possible adjustment of status relief. "When a

petitioner does not waive the right to counsel, IJs must provide . . . reasonable time to locate counsel and permit counsel to prepare for the hearing." *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (internal quotation marks and citation omitted). The IJ repeatedly gave Cortez Cuevas notice of the right to counsel during the three-year proceedings and provided her with a list of legal service providers.

Cortez Cuevas also contends that she was denied due process because the IJ did not discuss a family-sponsored visa with her prior to her final hearing on July 17, 2018. But no such duty was triggered because her daughter was younger than twenty-one before the final hearing, making her too young to sponsor Cortez Cuevas for a family-based visa. *See* 8 U.S.C. § 1151(b)(2)(A)(i). IJs need not "speculate about the possibility of anticipated changes of circumstances." *United States v. Moriel-Luna*, 585 F.3d 1191, 1197 (9th Cir. 2009). Moreover, Cortez Cuevas was already aware of her potential eligibility so there was no prejudice from the IJ's asserted failure to inform. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

**3.** Cortez Cuevas' contention that the IJ lacked jurisdiction over her proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (holding that lack of hearing information in notice to appear does not deprive immigration court of subject

-3-

matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**