**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEFINA ARAMBULA-BRAVO, | No. 21-826 |
| Petitioner, | Agency No. A093-374-921 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2024[**]
Pasadena, California

Before: GRABER, GOULD, and FORREST, Circuit Judges.

Petitioner Josefina Arambula-Bravo is a native and citizen of Mexico. In 2010, the Department of Homeland Security (DHS) served her with a Notice to Appear (NTA) that did not contain a date or time for her initial removal hearing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner moved to terminate proceedings; when her motion was denied, she applied for cancellation of removal and adjustment of status. An immigration judge (IJ) denied Petitioner relief, and the Board of Immigration Appeals (BIA) remanded for further fact-finding regarding the date of Petitioner's last entry. On remand, the IJ again denied relief and ordered Petitioner removed to Mexico. Petitioner now seeks review of the BIA's decision dismissing her appeal of that denial. We deny the petition.

Where, as here, the BIA adopts the IJ's reasoning, we review the decisions of both the BIA and the IJ. Hernandez v. Garland, 47 F.4th 908, 912 (9th Cir. 2022). We review de novo the BIA's determinations on questions of law. Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We review for substantial evidence the BIA's factual findings, including credibility determinations. Dong v. Garland, 50 F.4th 1291, 1296 (9th Cir. 2022). "Under this standard, findings of facts are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (citations and internal quotation marks omitted).

1. Petitioner argues that the IJ lacked jurisdiction over her removal proceedings because the NTA did not contain the date or time of her initial removal proceeding. That argument is foreclosed by United States v. Bastide-Hernandez, 39 F.4th 1187, 1190–91 (9th Cir. 2022) (en banc), cert. denied, 143 S.

Ct. 755 (Jan. 23, 2023) (holding that the failure of an NTA to include date and time information does not deprive the immigration court of jurisdiction).

2. Next, Petitioner argues that the BIA erred in two ways when it held that she was inadmissible as charged. First, she asserts that she was issued a V visa and that this constituted a lawful admission. But the record contains no evidence that Petitioner was granted a V visa. Second, Petitioner disputes the agency's adverse credibility finding regarding her testimony about the date of her last entry into the United States and whether it was pursuant to parole. Substantial evidence, including discrepancies between Petitioner's testimony and documents in the record, supports the BIA's holding.

3. Petitioner also asserts that the BIA erred in finding her statutorily ineligible for cancellation of removal, arguing that her criminal conviction for unlawful transportation of noncitizens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(N). But we held in United States v. Galindo-Gallegos, 244 F.3d 728 (9th Cir. 2001), that a conviction for unlawfully transporting noncitizens is categorically an aggravated felony. Id. at 733–34; see 8 U.S.C. § 1229b(b)(1)(C) (noncitizens convicted of an aggravated felony are statutorily ineligible for cancellation of removal).

4. Petitioner contests the BIA's determination that she is ineligible for adjustment of status. As explained above, Petitioner is inadmissible, and therefore

ineligible for adjustment of status, because she was neither admitted nor paroled into the United States. See 8 U.S.C. § 1255(a) (noncitizen must be inspected and admitted or paroled into the United States to be eligible for adjustment of status). Additionally, Petitioner is inadmissible, and therefore ineligible for adjustment of status, because she unlawfully reentered the United States after her prior removals in 1997 and 2000. 8 U.S.C. § 1182(a)(9)(A)(i), (C)(i)(II).

5. Finally, the IJ did not abuse her discretion in denying Petitioner's request for a continuance. See Ahmed v. Holder, 569 F.3d 1009, 1012 (9th Cir. 2009) (stating standard). Petitioner did not establish good cause for a continuance because she had sufficient time to complete her application for adjustment of status. Moreover, for the reasons explained above, a continuance to allow Petitioner to complete her application would have been futile because no additional facts could have overcome her statutory ineligibility for adjustment of status.

**PETITION DENIED.**