**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

DEC 22 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ALICIA MARTINEZ, | No. 20-73541 |
| Petitioner, | Agency No. A202-193-855 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2025**

Before: PAEZ, CHRISTEN, and KOH, Circuit Judges.

Maria Alicia Martinez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her request for a continuance, and her applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019). We review for substantial evidence the agency's factual findings, *id.* at 1157, and whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts, *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying a continuance for lack of good cause where Martinez received two prior continuances totaling more than a year and a half, Martinez's counsel admitted he forgot the filing deadline, and Martinez points to no evidence that could have been submitted that was of "vital importance" to her case. *See* 8 C.F.R. § 1003.29 (IJ may grant continuance for good cause shown); *Ahmed v. Holder*, 569 F.3d 1009, 1012-13 (9th Cir. 2009) (factors considered in reviewing the denial of a continuance).

As to cancellation of removal, substantial evidence supports the agency's determination that Martinez has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

To the extent Martinez challenges the weight the agency gave her equities,

we lack jurisdiction to review this contention. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 218, 222, 225 (2024) (courts have jurisdiction to review constitutional claims and questions of law, but not factual determinations, including "the seriousness of a family member's medical condition" and "the level of financial support a noncitizen currently provides").

Because the hardship determination is dispositive, we need not reach Martinez's remaining contentions regarding the merits of her cancellation of removal claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's determination that Martinez failed to show she was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because Martinez failed to show any nexus to a protected ground, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Thus, Martinez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Martinez failed to show it is more likely than not she will be tortured by or

with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Martinez's contention that additional testimony is needed in support of her claims is not properly before the court because she did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**