**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO RAMOS GARCIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-73649

Agency No. A200-245-488

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2026[**]
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.[***]

Petitioner Fernando Ramos Garcia applied for asylum, withholding of

removal, and protection under the Convention Against Torture. His application

was denied. He does not challenge that denial on the merits, but he seeks review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the 7th Circuit, sitting by designation.

of the Board of Immigration Appeals' (BIA) decision affirming the denial of his request for an additional continuance. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. After the BIA issued its order in this appeal, Petitioner filed an application for a U-visa.[1] The government has informed us that USCIS has since deemed Petitioner's U-visa application abandoned for failure to submit requested evidence. Because Petitioner requested the continuance at issue to file a U-visa application and that collateral relief has been denied, his challenge to the denial of a continuance is now moot.

2. Regardless, the denial of Petitioner's request for an additional continuance was not an abuse of discretion. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (applying abuse-of-discretion review to BIA's affirmance of denial of continuance request). When considering whether good cause exists for a continuance based on a need to resolve a collateral matter, the immigration judge (IJ) "must focus principally on two factors: (1) the likelihood that the [noncitizen] will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). The IJ should also consider the noncitizen's "reasonable

---

[1] We hereby grant Petitioner's motion for judicial notice, which includes a copy of receipt of the U-visa application from USCIS. *See* Dkt. 15.

diligence in pursuing that relief, DHS's position on the motion, the length of the requested continuance, and the procedural history of the case." *Id.*

The IJ reasonably concluded that Petitioner did not show good cause for his additional continuance request. Petitioner had not yet applied for a U-visa by the time of the removal hearing, nor had he provided the IJ with requested information pertaining to his asylum application. At that point, Petitioner's removal proceedings had spanned seven years, seventeen hearings, and nine continuances. Although Petitioner obtained new counsel during his removal proceedings, that counsel made no progress when given nearly two months to obtain the requested documents. DHS counsel opposed Petitioner's continuance request. And the IJ acknowledged that Petitioner could pursue his U-visa application regardless of the outcome in the proceeding here.

In affirming the IJ's decision, the BIA noted the seven-year span of Petitioner's removal proceedings and that Petitioner had neither filed his U-visa application nor provided the IJ with the requested documents. Because Petitioner had not filed his U-visa application, he was not prima facie eligible to receive the collateral relief. The BIA did not abuse its discretion by affirming the IJ's denial.

3. Nor did the denial of Petitioner's request for a continuance violate his due process rights. The proceeding was not so fundamentally unfair that Petitioner was prevented from reasonably presenting his case. *See Rendon v. Holder*, 603

3                                                          20-73649

F.3d 1104, 1109 (9th Cir. 2010).  And because Petitioner's U-visa application has been denied and could have been pursued independently of the removal proceedings, he cannot show prejudice.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (stating requirement that petitioner must show error and substantial prejudice to prevail on due process challenge to removal proceedings).

**PETITION DENIED.**

20-73649