NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| VICTORIANO VELASQUEZ-LOPEZ; NELSON RAUL VELASQUEZ-RAMOS, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 21-403 <br><br> Agency Nos. <br> A215-679-884 <br> A215-679-885 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 22, 2026
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI, District Judge.[**]

Petitioners Victoriano Velasquez-Lopez and his son Nelson Raul Velasquez-

Ramos, both natives and citizens of Guatemala, petition for review of a decision of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Mark C. Scarsi, United States District Judge for the Central District of California, sitting by designation.

the Board of Immigration Appeals ("BIA") dismissing their appeal of the Immigration Judge's ("IJ") oral decision denying a continuance, deeming their asylum applications abandoned, and ordering their removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and grant in part the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) (citation modified). We review due process claims de novo, *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 (9th Cir. 2022), and challenges to the denial of a continuance for a "clear abuse of discretion," *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022).

1.  The agency did not abuse its discretion or violate Petitioners' due process rights in denying Petitioners a continuance to respond to the Forms I-213 that the government presented at the master calendar hearing. An immigration judge "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. On review of the denial of a continuance, "we consider a number of factors, including: (1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

The BIA reasonably concluded that Petitioners' challenge failed because they did not show prejudice from the denial of the continuance to respond to the forms. *See Baires v. INS*, 856 F.2d 89, 93 (9th Cir. 1988) (indicating that a petitioner must show prejudice to obtain reversal of the denial of a continuance). The government presented, and the IJ credited, the forms solely as evidence of Petitioners' alienage. Petitioners did not contest their alienage or unlawful presence in the United States in their briefs before the BIA or our court, nor did they identify any evidence or argument they would have presented had a continuance been granted.

Even assuming the other *Ahmed* factors favor a continuance, we cannot conclude that the agency clearly abused its discretion because it "sufficiently outlined why good cause does not exist" in denying the continuance. *Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019). Petitioners have not identified any evidence that they were unable to present because the IJ declined to continue the hearing to another date. *Cui v. Mukasey*, 538 F.3d 1289, 1293 (9th Cir. 2008); *see also Mu*, 936 F.3d at 936 (finding no abuse of discretion even where "the BIA did not expressly address the *Ahmed* factors"). Petitioners have not demonstrated how a continuance could have materially affected the proceedings. And because Petitioners cannot show that "the outcome of the proceeding may have been

affected" by the denial, they cannot establish a violation of their due process rights. *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012).

2.      We remand to the BIA for further consideration of whether the IJ appropriately deemed Petitioners' asylum applications abandoned after he denied Petitioners a continuance to print and file their applications.  *See* 8 C.F.R. § 1003.31(h).  In *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1046–47, 1053 (9th Cir. 2023), we held that the agency deprived the petitioner of due process where the IJ denied the petitioner's request for an opportunity to prepare and submit an asylum application later in the day of the master calendar hearing. Petitioners assert that, as in *Arizmendi-Medina*, the IJ unlawfully refused their request to submit asylum applications later in the day of the master calendar hearing.

The administrative record does not make clear whether or when Petitioners sought, and the IJ denied, a continuance to submit asylum applications before the IJ deemed them abandoned.  Before the IJ issued the oral decision, Petitioners' counsel informed the IJ that Petitioners were not prepared to file asylum applications.  Counsel declined the IJ's offer to trail the case so counsel could confer with Petitioners about the Forms I-213, but there was no recorded discussion about trailing the case so Petitioners could submit Forms I-589.  Only after the IJ rendered an oral decision deeming any asylum applications abandoned

did counsel explain on the record that the Forms I-589 were prepared and could have been submitted that day had the IJ trailed the matter to the end of the calendar. At oral argument, however, Petitioners' counsel averred that he had asked the IJ for an opportunity to print and file the asylum applications in an off-the-record conversation before the IJ deemed the applications abandoned, but the IJ denied his request. The record indicates counsel interrupted the IJ in the pronouncement of the oral decision, but the substance of the interruption and when in the pronouncement it occurred are not preserved for our review.

What is clear is that the IJ did not trail the case to give Petitioners an opportunity to file the asylum applications, contrary to what the BIA stated in its written decision to support the dismissal of the appeal. As the *Arizmendi-Medina* court explained, a petitioner's request for a brief continuance on the day of the deadline to print and file an asylum application makes "any delay practically nonexistent" and results in "truly minimal" inconvenience to the immigration court, while its denial imposes severe consequences on the petitioners. 69 F.4th at 1050–51. We remand to the agency to reevaluate its position upon consideration of *Arizmendi-Medina* and a closer review of the record. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("[A] court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART; REMANDED.[1]**

---

[1] The parties shall bear their own costs.